1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   SCOTT JOHNSON,

11          Plaintiff,                      No. 2:11-cv-1894 MCE CKD

12      vs.

13
     TIBERIU STEFAN d/b/a
14   BEST OF EUROPE,

15          Defendant.                      FINDINGS & RECOMMENDATIONS

16   _____/

17          Pending before the court is plaintiff's motion for default judgment against

18   defendant.  Dkt. 12.  After defendant failed to file an opposition, the motion was submitted on

19   the record without oral argument.  Having considered the briefing in support of the motion and

20   the court's record in this case, and for the reasons outlined below, the court will recommend that

21   plaintiff's motion for default judgment be granted.

22          Plaintiff has a mobility-related disability which requires him to permanently use a

23   wheelchair.[1]  Defendant owns, operates, and manages a materials supplier business located at

24   1759 Cherokee Lane, Suite A, in Stockton, California.  Plaintiff visited the subject establishment

25   _____

26          [1]The facts giving rise to this litigation are taken from the complaint.  Dkt. 1.

                                            1

twice in the year preceding the filing of his complaint and encountered architectural barriers which denied him full and equal access to the property.  Subsequently, plaintiff filed the instant suit alleging violations of the Americans with Disabilities Act of 1990 ("ADA") and The Unruh Civil Rights Act as set forth in Cal. Civ. Code § 51, et seq.

The record reflects that defendant Stefan was properly served with process on December 19, 2011 by personal service.  Dkt. 8.  When defendant Stefan failed to respond to plaintiff's complaint, plaintiff requested the entry of default on February 18, 2012.  Dkt. 9.  The Clerk of Court subsequently entered default against defendant Stefan on February 22, 2012.  Dkt. 11.  Thereafter, on October 26, 2012, plaintiff filed the instant motion for default judgment with a proof of service reflecting service of the motion on defendant Stefan.  Dkt. 12.  Plaintiff seeks an entry of default judgment in the amount of $8,000 pursuant to Cal. Civ. Code § 52(a)[2] as well as injunctive relief.[3]

Upon default, the court takes the well-plead factual allegations in the complaint as true, which effects an admission of all such allegations by the defaulted party.  See, Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977), Penpower Technology Ltd. V. S.P.C. Technology, 627 F.Supp.2d 1083, 1088 (N.D. Cal. 2008).  The defaulted party is not, however, held to admit facts that are not well plead or to admit conclusions of law.  See DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007).

To prevail on a Title III discrimination claim under the ADA, plaintiff must show the following: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases or operates a place of public accommodation; and (3) plaintiff was denied

---

[2] The Unruh Civil Rights Act states that any "violation of the right of any individual under the federal Americans with Disabilities Act of 1990 shall also constitute a violation of this section" and the Act provides for a minimum statutory damages amount of $4,000.00 per violation. Cal. Civ. Code §§ 51(f), 52(a).

[3] Plaintiff seeks injunctive relief requiring defendant to provide for one van-accessible disabled parking space in accordance with the ADA. Dkt. 12 at 4-5.

public accommodations by the defendant because of his disability.  Molski v. M.J. Cable, Inc.,

481 F.3d 724, 730 (9th Cir. 2007).  A claim for discrimination on account of an architectural

barrier requires further showing that: (1) the existing facility at the defendant's place of business

presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is

readily achievable.  Parr v. L & L Drive-Inn Rest., 96 F.Supp.2d 1065, 1085 (D. Haw. 2000); and

see Pickern v. Pier 1 Imports (U.S.), Inc., 457 F.3d 963, 968-69 (9th Cir. 2006) (plaintiff must

allege the specific barriers which deny access).

Here, the court finds that the well-plead allegations of the complaint state a claim

for which relief can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).

Plaintiff alleges that he is a person with a "mobility related disability" (quadriplegia) who

requires the use of a wheelchair.  See Dkt. 1 at 2.  Defendant owns and operates the public

accommodation Best of Europe, a materials supplier in Stockton, California.  See Dkts. 1at 2-3,

1-3.  Plaintiff further alleges that he was denied access to defendant's business when he

encountered architectural barriers relating directly to his "mobility disability."  See Dkt. 1 at 4.

Specifically, plaintiff alleges the lack of a "van accessible disabled parking space" to

accommodate his full-size van, a wheelchair accessible route, and a wheelchair accessible

entrance. See Dkts. 1 at 4, 1-6, 1-7.  Finally, plaintiff alleges that removal of the architectural

barriers described above is readily achievable and that he notified defendant of these barriers in a

letter dated March 26, 2010.[4]  See Dkts. 1 at 4, 1-4.  Taking these allegations as true on default,

plaintiff has made out a prima facie discrimination claim entitling him to relief.

Plaintiff seeks damages in the form of monetary and injunctive relief.  The

complaint alleges monetary damages as provided for by Cal. Civ. Code § 52(a), along with

---

[4]28 CFR § 36.304 provides specific examples of how architectural barriers might be removed, including: installing ramps, widening doors and creating designated accessible parking spaces.  § 36.304(b)(1),(8),(18).  The Regulation further identifies the order of priorities in which a public accommodation should comply with the barrier removal requirements and lists the above-mentioned examples as a first priority.  § 36.304(c)(1).

1   injunctive relief requiring defendant to remove all architectural barriers in compliance with the

2   ADA.  Dkt. 1 at 6, 17-18.  A default judgment must not differ in kind from, or exceed in amount,

3   what is demanded in the pleadings.  Fed. R. Civ. Pro. 54(c); see Henry v. Sneiders, 490 F.2d 315,

4   317 (9th Cir. 1974), cert. denied, 419 U.S. 832 (1974).  The motion for entry of default judgment

5   supports the finding that plaintiff is entitled to relief in the form of the statutory damages and

6   injunctive relief requested, as it does not differ in kind from the relief requested in the complaint.

7   Plaintiff is entitled to statutory damages for each "offense," i.e., each obstructed visit to

8   defendant's business.  See Lentini v. Cal. Ctr. for the Arts, 370 F.3d 837, 847 (9th Cir. 2004); see

9   also Feezor v. DeTaco, Inc., 431 F. Supp. 2d 1088 (S.D. Cal. 2005).  Here, plaintiff pleads two

10  obstructed visits to the public accommodation in the year preceding plaintiff's filing of his ADA

11  claim, which is identical to the relief prayed for in his motion for default judgment.  See Dkt. 1 at

12  5; 12 at 4.  Accordingly, plaintiff is entitled to statutory damages of $8,000.00.  Cal. Civ. Code §

13  52(a).  Plaintiff's motion for default judgment also seeks injunctive relief in the form of requiring

14  defendant to provide for one van-accessible disabled parking space, which does not exceed and is

15  identical in kind to the injunctive relief sought in the complaint.  See Dkt. 1 at 6; 12 at 4-5.

16          Finally, there are no policy considerations which preclude the entry of default

17  judgment of the type requested here.  See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.

18  1986) (factors that may be considered by the court are the possibility of prejudice to the plaintiff;

19  the merits of plaintiff's substantive claim; the sufficiency of the complaint; the sum of money at

20  stake in the action; the possibility of a dispute concerning material facts; whether the default was

21  due to excusable neglect; and the strong policy underlying the Federal Rules of Civil Procedure

22  favoring decisions on the merits).  The ADA and Cal. Civ. Code §§ 51-52 provide plaintiff's

23  only recourse for recovery from defendant Stefan.  See Weeks v. Fresh-Pic Produce Co., Inc.,

24  2012 WL 1815648, at *4 (S.D. Cal. 2012) (finding prejudice where default judgment is the only

25  recourse available to plaintiff), Truong Giang Corp. V. Twinstar Tea Corp., 2007 WL 1545173,

26  at *3 (N.D. Cal. 2007)(same).  As discussed above, plaintiff sufficiently states a claim for relief

4

1    under the ADA and Cal. Civ. Code § 51(f) and the damages sought are not unreasonable but are

2    specifically provided-for by statute.  See Cal. Civ. Code § 52(a), Weeks, 2012 WL 1815648, at

3    *4.  Additionally, the default is not the result of excusable neglect since defendant was served on

4    December 19, 2011 and has yet to make an appearance in this case.  Dkt. 8; see Weeks, 2012 WL

5    1815648, at *4.  Similarly, the possibility of a dispute as to the material facts is remote because

6    there is no indication that defendant intends to appear and defend himself.  See Weeks, 2012 WL

7    1815648, at *4.  And although default judgment is generally disfavored, a decision on the merits

8    is impractical — if not impossible — where, as here, the defendant refuses to take part in the

9    action.  Id.

10              For the foregoing reasons IT IS HEREBY RECOMMENDED that:

11              1.  Plaintiff's motion for default judgment (Dkt. No. 12) against defendant Stefan

12   be granted;

13              2.  Plaintiff be awarded statutory damages in the amount of $8,000.00;

14              3.  Plaintiff be granted an injunction requiring defendant to provide for one van-

15   accessible disabled parking space in accordance with the Americans With Disabilities Act of

16   1990 (ADA) and the Americans With Disabilities Act Accessibility Guidelines (ADAAG)

17   contained in Title 28 of the Code of Federal Regulations Part 36; and

18              4.  The Clerk of Court be directed to close this case.

19   ////

20   ////

21   ////

22   ////

23   ////

24   ////

25   ////

26   ////

1    These findings and recommendations are submitted to the United States District

2    Judge assigned to this action, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

3    fourteen (14) days after being served with these findings and recommendations, any party may

4    file written objections with the court and serve a copy on all parties.  Such a document should be

5    captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

6    objections shall be served and filed within seven (7) days after service of the objections.  The

7    parties are advised that failure to file objections within the specified time may waive the right to

8    appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 18, 2012

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

ckd9
Johnson-Stefan1894.def